
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-2796 DMG (JCx)** | Date | April 29, 2014 |
|---|---|---|---|

| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 1 of 5 |
|---|---|---|---|

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

      On February 26, 2014, Plaintiff Christina Avalos filed a Complaint in Los Angeles County Superior Court alleging various state law causes of action for products liability and medical malpractice against Defendants William Dobkin, M.D., Medtronic, Inc., and Medtronic Sofamor Danek, USA, Inc.  [Doc. # 1-1, at 23-140.]  On April 11, 2014, Medtronic, Inc., and Medtronic Sofamor Danek, USA, Inc. ("Medtronic") removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[1]  [Doc. # 1.]

# I.
# DISCUSSION

      Under Section 1332(a), district courts have original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity:  every plaintiff must be diverse from every defendant.  *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89, 126 S. Ct 606, 163 L. Ed. 2d 415 (2005).  The removal statute—28 U.S.C. § 1441(a)—is strictly construed against removal jurisdiction, and if there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected.  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)).  "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal."  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

---

[1] Medtronic did not obtain Dobkin's consent to removal, but it asserts that "[t]o the best of [its] knowledge," Dobkin has not yet been served and Dobkin's consent is unnecessary because he is fraudulently misjoined and fraudulently joined.  (Not. of Removal ¶¶ 4-6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-2796 DMG (JCx)** | Date | April 29, 2014 |
| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 2 of 5 |

Here, Medtronic acknowledges that complete diversity is lacking on the face of the Complaint because Avalos and Dobkin are citizens of California. (Not. of Removal ¶¶ 12, 15.) Nonetheless, Medtronic contends that the complete diversity requirement is met because Dobkin is (1) fraudulently misjoined and (2) fraudulently joined in this action.

1. **Medtronic's Fraudulent Misjoinder Argument is Unpersuasive**

Medtronic argues that this Court has jurisdiction under the "fraudulent misjoinder" doctrine, relying on a line of authority beginning with the Eleventh Circuit's decision in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359-60 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). (Not. of Removal ¶¶ 18-24.) *Tapscott* involved two putative classes of plaintiffs, each of which sued a different group of defendants based on "wholly distinct" transactions. *Tapscott*, 77 F.3d at 1360. Defendant Lowe's, the representative of one defendant class, removed the case to federal court on the basis of diversity jurisdiction, and the district court disregarded the citizenship of the second class of defendants, asserted jurisdiction, and severed and remanded the remainder of the action. *Id.* at 1355, 1360. The Eleventh Circuit affirmed the district court's orders, holding that where a plaintiff's attempt to defeat diversity by joining parties is "so egregious as to constitute fraudulent joinder," a court could disregard the fraudulently joined parties in order to assert diversity jurisdiction. *Id.* at 1360. The court noted that it "d[id] not hold that mere misjoinder is fraudulent joinder." *Id.*

The "fraudulent misjoinder" doctrine has received a "tepid" response outside the Eleventh Circuit. *See Early v. Northrup Grumman Corp.*, 2:13-CV-3130, 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013). While the Fifth Circuit adopted the doctrine in a one-paragraph opinion, *see In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002), the other circuit courts to consider the doctrine have not formally adopted it. *See, e.g.*, *California Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 Fed. App'x. 727, 729 (9th Cir. 2001) ("For purposes of discussion we will assume, without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs."); *Lafalier v. State Farm Fire and Cas. Co.*, 391 Fed. App'x. 732, 739 (10th Cir. 2010); *In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010).

District courts in this circuit have criticized the "fraudulent misjoinder" doctrine. *See Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127-28 (E.D. Cal. 2004) (opining that "the last thing the federal courts need is more procedural complexity" associated with fraudulent misjoinder doctrine, noting the doctrine raises "unnecessary difficulties," such as uncertainty as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-2796 DMG (JCx)** | Date | April 29, 2014 |
|---|---|---|---|

| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 3 of 5 |
|---|---|---|---|

to whether the federal or state joinder rules should apply, and suggesting the state court was competent to determine the issue of misjoinder); *Early*, 2013 WL 3872218, at *2 - *3 (noting "the doctrine raises more questions than answers" because it is not clear when joinder is so egregious or otherwise inappropriate to require application of doctrine, and concluding that the doctrine "flips [the maxim that § 1441 should be narrowly construed] on its head by making cases removable that by § 1441's plain terms should not be, effectively increasing the jurisdiction of federal courts beyond what the rules envision"); *Perry v. Luu*, 1:13-CV-00729, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) (noting court was "confounded" by the "circular logic" of fraudulent misjoinder doctrine which "requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction" while "the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act" (emphasis in original)).

It appears that two district courts in this circuit have used "fraudulent misjoinder" to exercise diversity jurisdiction, *see Sutton v. Davol*, 251 F.R.D. 500, 503-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp.2d 674, 684-85 (D. Nev. 2004).[2] Many other courts in this circuit have declined to decide whether the doctrine is good law, finding that it would not control their respective cases. *See, e.g.*, *Ramirez v. Our Lady of Lourdes Hosp. at Pasco*, 2:13-CV-01108, 2013 WL 5373213, at *3 - *4 (W.D. Wash. Sept. 25, 2013); *Caouette v. Bristol-Myers Squibb Co.*, C-12-1814, 2012 WL 3283858, at *6 - *7 (N.D. Cal. Aug. 10, 2012); *Selman v. Pfizer, Inc.* 11-CV-1400, 2011 WL 6655354, at *12 - *13 (D. Or. Dec. 16, 2011).

Medtronic identifies no precedent binding on this Court to support its contention that "fraudulent misjoinder" doctrine applies here. The Ninth Circuit has not formally adopted the doctrine, and under Ninth Circuit precedent, 28 U.S.C. § 1441 is to be strictly construed and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Moreover, Medtronic has not demonstrated that Dobkin was joined in order to defeat diversity jurisdiction in this action. In sum, Medtronic has not met its burden with respect to its fraudulent misjoinder argument.

**2.      Medtronic's Fraudulent Joinder Argument is Unpersuasive**

The Ninth Circuit has recognized an exception to the complete diversity requirement in the doctrine of fraudulent joinder. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to

---

[2] One of the courts used a standard lower than the egregiousness standard articulated in *Tapscott*. *See Greene*, 344 F. Supp.2d at 685.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-2796 DMG (JCx)** | Date | April 29, 2014 |
|---|---|---|---|
| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 4 of 5 |

state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). "[T]he defendant is entitled to present the facts showing the joinder to be fraudulent." *Id.* (internal quotation omitted).

Medtronic contends that Dr. Dobkin is fraudulently joined because Avalos' claims against him are barred by the "one-year statute of limitations for healthcare providers." (Not. of Removal, at 7 (citing Cal. Civ. Proc. Code § 340.5)). As an initial matter, Medtronic misrepresents Section 340.5, which provides in relevant part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury *or* one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first.

Cal. Civ. Proc. Code § 340.5 (emphasis added).

The gravamen of Avalos' allegations against Dr. Dobkin is that the doctor's off-label use of Medtronic's medical products during two surgeries performed on June 8, 2012 and June 20, 2012 caused abnormal ectopic bone growth and other serious injuries in Avalos. (*See* Compl. ¶¶ 298-303.) Medtronic does not contend that Avalos failed to commence this action within three years of the date of injury, nor could it. Avalos filed the suit on February 26, 2014—less than two years after the surgeries at issue. Rather, Medtronic argues that because Avalos experienced inflammatory reactions after her surgeries, she was "on notice of her claims against Dr. Dobkin in the summer of 2012. . . ." (Not. of Removal at 8.) Based on the disjunctive language of Section 340.5, the limitation period that occurs first is applicable.

Medtronic has not demonstrated that the one year from date of discovery limitation period applies in this case. The California courts interpret "injury" as that term is used in Section 340.5 to mean "both a person's physical condition *and* its negligent cause." *Artal v. Allen*, 111 Cal. App. 4th 273, 279-80, 3 Cal. Rptr. 3d 458 (2003) (internal quotations omitted) (emphasis in original). "[F]or the one-year limitations period to be triggered, in addition to being aware of her harm, the patient must be aware of its negligent cause." *Id.* at 280 (discussing *Hills v. Aronsohn*, 152 Cal. App. 3d 753, 199 Cal. Rptr. 816 (1984)). "Whether a plaintiff has exercised reasonable diligence necessarily depends on the facts of the individual case." *Id*. Here, Medtronic has not demonstrated that Avalos discovered or through the exercise of reasonable diligence should have discovered that *Dobkin's alleged wrongdoing caused* the inflammatory reactions she experienced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 14-2796 DMG (JCx)** | Date | April 29, 2014 |
| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 5 of 5 |

after her surgery.  Indeed, Avalos alleges that she did not know and could not have known by the exercise of reasonable diligence that Dobkin's off-label use of Medtronic's product caused her injuries until May 15, 2013—the date on which she alleges that that "her medical records indicate[d] that she developed heterotopic bone formation . . . secondary to Infuse®." (Compl. ¶¶ 302-303.)  Thus, Medtronic has not met its burden to demonstrate that Avalos has "fail[ed] to state a cause of action against [Dobkin], and *the failure is obvious* according to the settled rules of the state."  *Morris*, 236 F.3d at 1067 (emphasis added).

## II.
## CONCLUSION

In light of the foregoing, Medtronic is hereby **ORDERED TO SHOW CAUSE** by no later than **10 days** from the date of this Order why this action should not be remanded to Los Angeles County Superior Court.  Avalos may file a response, if any, by no later than **10 days** after service of Medtronic's response.  Medtronic's motions to dismiss and to strike [Doc. ## 15, 18], shall be held in abeyance pending the Court's determination of whether it has subject matter jurisdiction over this action.

**IT IS SO ORDERED.**