UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 14-2796 DMG (JCx)** | Date | May 27, 2014 |
|---|---|---|---|

| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On February 26, 2014, Plaintiff Christina Avalos filed a Complaint in Los Angeles County Superior Court alleging various state law causes of action for products liability and medical malpractice against Defendants William Dobkin, M.D., Medtronic, Inc., and Medtronic Sofamor Danek, USA, Inc. [Doc. # 1-1, at 23-140.] On April 11, 2014, Medtronic, Inc., and Medtronic Sofamor Danek, USA, Inc. ("Medtronic") removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Doc. # 1.] On April 29, 2014, the Court issued an Order to Show Cause why this action should not be remanded for lack of subject matter jurisdiction ("April 29 2014 OSC").[1] [Doc. # 24.]

On May 2, 2014, Avalos filed a motion to remand and motion for costs pursuant to 28 U.S.C. § 1447(c). [Doc. # 29.] On May 9, 2014, Medtronic filed a response to the Court's April 29, 2014 OSC and an opposition to Avalos' motions. [Doc. # 33.] On May 16, 2014, Avalos filed a reply. [Doc. # 16.] The motions are scheduled for hearing on May 30, 2014.

In its response, Medtronic again fails to demonstrate that the Court has federal subject matter jurisdiction based on fraudulent misjoinder. Indeed, Medtronic reiterates the arguments that the Court found unpersuasive in its April 29, 2014 OSC. [Doc. # 24 at 2-3.] Medtronic also fails to meet its burden to demonstrate federal subject matter jurisdiction based on fraudulent joinder for the reasons already discussed in the Court's April 29, 2014 OSC. (*Id.* at 3-5.)

In light of the foregoing, this action is hereby **REMANDED** to the Los Angeles County Superior Court. Avalos' motion to remand [Doc. # 29] is **DENIED** as moot. Medtronic's motion to dismiss [Doc. # 15] and motion to strike [Doc. # 18] are **DENIED** as moot.

---

[1] The Court incorporates herein the factual background and legal standards discussed in its April 29, 2014 Order.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 14-2796 DMG (JCx) | Date | May 27, 2014 |
|---|---|---|---|
| Title | *Christina Avalos v. Medtronic, Inc., et al.* | Page | 2 of 2 |

  With respect to Avalos' motion for costs under Section 1447(c) [Doc. # 29], Medtronic had an objectively reasonable basis for removing this action based on fraudulent misjoinder. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."); *see* April 29, 2014 Order, at 2-3 (describing acceptance of fraudulent misjoinder doctrine by at least some courts). Thus, Avalos' motion for costs is **DENIED**.

  The May 30, 2014 hearing is VACATED.

**IT IS SO ORDERED.**